**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
Carlos F. Ramirez
*cramirez@reesellp.com*
100 West 93rd St., 16th Floor
New York, New York 10025
Tel: (212) 643-0500
Fax: (212) 253-4272

**DOGRA LAW GROUP PC**
Shalini Dogra (*to be admitted pro hac vice*)
2219 Main Street, Unit 239
Santa Monica, California 90405
Tel: (747) 234-6673
Fax: (310) 868-0170
*shalini@dogralawgroup.com*

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA ZETTERSTROM, on behalf of herself and all others similarly situated; | Case No: 25-cv-2151 |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT** |
| COLGATE-PALMOLIVE COMPANY and TOM'S OF MAINE, INC.; | **JURY TRIAL DEMANDED** |
| Defendants. | |

1

Plaintiff Amanda Zetterstrom, by and through her attorneys, brings this action on behalf of herself and all other similarly situated against Colgate-Palmolive Company and Tom's of Maine (collectively hereinafter "Defendants" or "Defendant"). Plaintiff hereby alleges, on information and belief, except as to those allegations which pertain to the named Plaintiff, which allegations are based on personal knowledge, as follows:

## NATURE OF THE ACTION

1. This action relates to certain manufacturing and safety defects ("Manufacturing and Safety Defects" or "Defects") identified by the United States Food & Drug Administration (the "FDA") with respect to Defendants' Tom's of Maine branded toothpaste products (the "Product(s)").

2. On the Tom's of Maine website, Defendants state that Tom's of Maine is:

Helping you to live a naturally healthy life is our passion! For over 45 years we've worked to create safe, effective natural personal care products from unique combinations of naturally sourced and naturally derived ingredients.

3. On the same website, Defendants also state:

Find natural products from the natural product company you can trust, Tom's of Maine. Tom's of Maine offers naturally derived ingredients across our product line of natural toothpastes, natural soap, aluminum-free deodorant and more. Feel good about looking good from your head down to your toes.

4. On November 5, 2024, the FDA issued a warning letter to Defendants informing them that samples of the Products, as well as samples of water used to make the Products, provided to the FDA by Defendants contained "objectionable microorganisms" in products required to be "sterile" in violation of 21 CFR 211.113(a)). Among the objectionable microorganisms, the samples contained *Pseudomonas aeruginosa, Ralstonia insidiosa* and gram-negative cocco-bacilli *Paracoccus yeei.*

5. *Pseudomonas aeruginosa* can cause infections in the blood (septicemia), lungs (pneumonia), ear, eye, skin (cellulitis) and urinary tract. *Ralstonia insidiosa* can cause bloodstream infections, meningitis and infectious pneumonia. *Paracoccus yeei* has been associated with several blood stream infections, peritonitis and conjunctivitis.

6. The Warning Letter also informed Defendants that they had failed to maintain the buildings used in the manufacture, processing, packing, or holding of the Products in a good state.

7. Finally, the Warning Letter informed Defendants that they had not adequately handled consumer complaints relating to odor, color, and taste in the Products, including those for children; 400 of which went uninvestigated.

8. On information and belief, the Manufacturing and Safety Defects have existed in all units of the Products sold throughout the United States during the Class Period (defined below). Plaintiff, a purchaser of the Products brings this class action on behalf of all persons (including natural persons and entities) who purchased a unit of the Products.

9. At all relevant times, Defendants knew, or in the exercise of reasonable diligence should have known that, the Product contained the Manufacturing and Safety Defects, which rendered the Product unlawfully misbranded in violation of federal, New York and California law. This Manufacturing and Safety Defect was "material" information for prospective purchasers because, among other reasons, it posed an unreasonable safety hazard and the presence of this Manufacturing and Safety Defect would affect a reasonable consumer's decision as to whether s/he wanted to purchase a unit of the Product. Reasonable consumers purchase toothpaste based on safety-attributes. Accordingly, when people buy toothpaste, they expect them to be free from any safety defect, and do not expect the item will contain ingredients, components and manufacturing practices that pose a risk of bodily harm.  In reliance on Defendants' misleading advertising and deceptive marketing practices for the Product, Plaintiff and other similarly situated class members reasonably believed that they were purchasing a toothpaste that was free from potentially injurious features.  In reality, neither Plaintiff nor any of the putative Class members received a toothpaste that had the identity, function, composition, benefits, or safety level they thought they were purchasing.

10. Under applicable law, Defendants had a duty to disclose the material Manufacturing and Safety Defect to Plaintiff and the Class prior to purchase because, at a minimum, Defendants had exclusive and/or superior knowledge of the Manufacturing and Safety Defect that was not known to or reasonably discoverable by Plaintiff and the Class.

11. Defendants intentionally failed to disclose the Manufacturing and Safety Defect prior to the Product's sale because Defendants knew the information was material and would affect Plaintiff's and the Class's willingness to purchase the Product, or at a minimum would affect the price Plaintiff and the Class would be willing to pay. Plaintiff and the Class would not have purchased units of the Product had the Manufacturing and Safety Defect been disclosed prior to purchase and certainly not at the prices at which they ultimately paid for the Product.

12. As a direct and proximate result of Defendants' concealment and nondisclosure of the Manufacturing and Safety Defect, Plaintiff and the Class (a) overpaid for the Product; (b) received toothpaste which presented foreseeable risks of physical harm; (c) suffered a loss of usefulness of the Product; (d) suffered injury in fact and (e) lost money or property.

## PARTIES

13. Plaintiff Amanda Zetterstrom is a citizen and resident of California and resides in Los Angeles County.

14. Defendant Colgate-Palmolive Company is headquartered at 300 Park Avenue, New York, New York and is the majority owner of Tom's of Maine, Inc.

15. Defendant Tom's of Maine, Inc., is headquartered at 2 Storer Street, Kennebunk, Maine and manufactures, markets, and distributes the Product throughout the United States.

## JURISDICTION AND VENUE

16. This Court has original subject matter jurisdiction over this proposed class action pursuant to the Class Action Fairness Act of 2005, specifically 28 U.S.C. § 1332(d) that provides for the original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and [that] is a class action in which....any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Because Plaintiff is a California resident and Colgate is a citizen of New York, at least once member of the plaintiff class is a citizen of a State different from Colgate. Further, Plaintiff alleges the matter in controversy is well in excess of $5,000.000.00 in the aggregate, exclusive of interest and costs. Finally, Plaintiff alleges "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

4

17. This Court has personal jurisdiction over Colgate for reasons including but not limited to the following: Colgate has headquarters and principal place of business within New York.

18. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because Colgate, one of the defendants of this litigation, resides in this District.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

19. Plaintiff is a purchaser of multiple units of the Product in Los Angeles County, California during the applicable statute of limitations; specifically Tom's of Maine Anticavity Kids Natural Toothpaste. Plaintiff used the Product, believing it to be reasonably safe to use for the purpose for which the Product was intended.

20. The Products purchased by Plaintiff contained the Manufacturing and Safety Defect, which according to the FDA posed a risk of exposure to objectionable microorganisms, among other things.

21. Defendants did not disclose the Manufacturing and Safety Defect to Plaintiff and Plaintiff would not have purchased the Product had she known about the Manufacturing and Safety Defect, and certainly not at the price she paid. At all points in time since purchasing the Product, Plaintiff has properly used and maintained the Product in a foreseeable manner as directed.

22. Defendants had a duty to disclose the Manufacturing and Safety Defect to Plaintiff and the Class because Defendants had exclusive and/or superior knowledge of the Manufacturing and Safety Defect that was not known or reasonably accessible to Plaintiffs and the Class. Despite this duty, Defendants did not issue or provide notices or warnings to Plaintiff or the Class members related to the Manufacturing and Safety Defect, or any potential problem with the Product prior to purchase.

23. Defendants, through their concealment and non-disclosure, intended to, and did, mislead Plaintiff and the Class, and in fact generated substantial revenue by inducing Plaintiff and the Class to pay a price they otherwise would not have paid for the Product had they been labeled and/or advertised in a non-misleading way.

24.     As a direct and proximate result of Defendants' concealment and non-disclosure, Plaintiff and the Class (1) overpaid for the Product; (2) did not receive the benefit of their bargain; (3) they received units of the Product which due to the Manufacturing and Safety Defect present a foreseeable risk of physical injury; (4) suffered a loss of the usefulness of the Product; (5) suffered injury in fact and/or (6) lost money or property.

25.     Plaintiff brings this class action on behalf of herself and all others similar situated and seeks compensatory, statutory and punitive damages, restitution and equitable relief on behalf of herself and the Class.

## CLASS ACTION ALLEGATIONS

26.     Pursuant to Rule 23(a), (b)(2) and b(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a proposed class of the following:

> All persons in the United States who purchased any of the Product for their own use and not for resale since December 16, 2020. ("Nationwide Class")

27.     Additionally, pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a proposed subclass defined as follows:

> All persons residing in the State of California who have purchased any of the Product for their own use and not for resale since December 16, 2020. ("California Subclass").

28.     Collectively, the Nationwide Class and the California Subclass are referred to herein as the "Class" or the "Classes."

29.     Excluded from the Class are: (a) Defendants, Defendants' board members, executive-level officers, and attorneys, and the immediate family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family members, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

30.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as individual Class Members would use to prove those elements in individual actions alleging the same claims.

31.     **Numerosity**. The Class each consists of many thousands of persons throughout the United States and the State of California, as appropriate. Each Class is so numerous that joinder of all members is impracticable, and the disposition of each Class's claims in a class action will benefit the parties and the Court.

32.     **Commonality and Predominance**. Common questions of law and fact predominate over any questions affecting only individuals Class members. These common questions have the capacity to generate common answers that will drive resolution of this action. These common questions include, but not limited to, the following:

   a. Whether Defendants were aware of the Defect;

   b. When were Defendants aware of the Defect;

   c. What was the full extent of Defendants' knowledge of the Defect;

   d. Would the Defect be considered "material" or "important" to a reasonable consumer's decision as to whether to purchase the Product;

   e. Whether Plaintiff is required to prove the cause of the Defect, and if so, the cause

   f. Did Defendants uniformly fail to disclose and conceal the Defect from prospective customers prior to purchase;

   g. Did Defendants have a duty to disclose the Defect to customers;

   h. Did Defendants actively conceal the Safety Defect; and

   i. Whether the requested injunctive relief is appropriate and necessary to remedy Defendants' failure to disclose the Defect.

33.     This action is properly brought as a class action for the following reasons:

   a. The members in the proposed class, which contains no less than one thousand members and based on good information and belief is comprised of several thousands of individuals, are so numerous that individual joinder of all members is impracticable and disposition of the class members' claims in a single class action will provide substantial benefits to the parties and Court, and is in the best interests of the parties and judicial economy;

  b. The disposition of Plaintiff's and proposed class members' claims in a class action will provide substantial benefits to the parties and the Court by promoting efficiency and judicial economy;

  c. Plaintiff's claims are typical of the claims of the members of the proposed class. Plaintiff and all class members have been injured by the same wrongful practices of Defendants. Plaintiff's claims arise from the same practices and conduct that gives rise to the claims of all class members and are based on the same legal theories;

  d. Plaintiff will fairly and adequately protect the interests of the proposed class in that they have no interests antagonistic to those of the other proposed class members, and Plaintiff has retained attorneys experienced in consumer class actions and complex litigation as counsel; and,

  e. The proposed class is an ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed class member were infringed or violated in the same fashion.

34. Because they saw the labeling of the Product, and because they purchased units of the Product, all Class Members were subject to the same wrongful conduct.

35. Absent Defendants' material deceptions, misstatements, and omissions, Plaintiff and the other Class Members would not have purchased units of the Product.

36. **Typicality**. Plaintiff's claims are typical of the claims of the Class because Plaintiff and the other Class Members all purchased units of the Product and were injured thereby. The claims of Plaintiff and the Other Class Members are based on the same legal theories and arise from the same false and misleading conduct.

37. **Adequacy of Representation**. Plaintiff is adequate representative of the Class because her interests do not conflict with those of the other Class members. Each Class member seeks damages reflecting a similar and discrete purchase, or similar and discrete purchases, that each Class member made. Plaintiff has retained competent and experienced class action counsel who intend to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the Class Members' interests.

38.     **Injunctive or Declaratory Relief**. The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39.     **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. The amount at stake for each Class member, while significant, is such that individual litigation would be inefficient and cost-prohibitive. Additionally, adjudication of this controversy as a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein. Plaintiff anticipates no difficulty in the management of this action as a class action.

40.     **Notice to the Class.** Plaintiff and her counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

41.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims, respectively, is impracticable. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the Class Members. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

42.     Plaintiff seeks damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.

## FIRST CAUSE OF ACTION

### Negligence

### (On Behalf of Plaintiff and the Nationwide Class)

43. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

44. The conduct of Defendants in manufacturing, distributing, and selling the Product with the Manufacturing and Safety Defect constituted negligence in failing to reasonably act in accordance with all applicable standards of care. Defendant owed Plaintiff and Class members a duty not to disseminate a materially defective product. Defendants breached said duty of care when they nevertheless manufactured, distributed, and sold the Product with the Manufacturing and Safety Defect to consumers, including Plaintiff.

45. Defendants also breached their duty of care by negligently failing to timely and/or adequately warn Plaintiff and the Class of the Manufacturing and Safety Defect, even after Defendants were, or should have been, fully aware of the material defects in the Product.

46. As a direct and proximate result of Defendants' negligence, Plaintiff and members of the class suffered economic injury, entitling them to just compensation, as detailed below.

## SECOND CAUSE OF ACTION

### Violation of New York GBL § 349

### (On Behalf of Plaintiff and the Nationwide Class)

47. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

48. GBL § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . . ."

49. The conduct of Defendant alleged herein constitutes "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the other Class Members seek monetary damages.

50. Defendants made misleading statements, representations, and material omissions willfully, wantonly, and with reckless disregard for the truth.

10

51. Plaintiff and other Class Members have been injured as a result of Defendant's improper consumer-oriented conduct.

52. As a result of Defendants' deceptive acts and practices, Plaintiff and other Class Members are entitled to monetary and compensatory damages, interest, and attorneys' fees and costs. This includes actual damages under GBL § 349, as well as statutory damages of $50 per unit purchased pursuant to GBL § 349, and increased statutory penalties.

## THIRD CAUSE OF ACTION

### Violation of New York GBL § 350

### (On Behalf of Plaintiff and the Nationwide Class)

53. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

54. GBL § 350 provides, in part, as follows:
> False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

GBL § 350a(1) provides, in part, as follows:

> The term 'false advertising," means advertising including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

55. Defendant made misleading statements and material omissions that caused Plaintiff and other Class Members to purchase the Products.

11

56. Plaintiff and other Class Members have been injured as a result of Defendants' misleading representations and material omissions in that they paid money for a Product they would not have purchased had they known of the Defect.

57. Defendant made the untrue and misleading statements, representations, and material omissions willfully, wantonly, and with reckless disregard for the truth.

58. As a result of Defendants' acts and practices in violation of GBL § 350, Plaintiff and Class Members are entitled to monetary and compensatory damages, interest, and attorneys' fees and costs as well as statutory damages of $500 per unit purchased and increased statutory penalties.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

### (On Behalf of Plaintiff and the Nationwide Class)

59. Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

60. Defendants were unjustly enriched at the expense of Plaintiff and other Class Members in the form of monthly that Plaintiff and other Class Members paid for the Products.

61. Plaintiff and Class Members seek restitution and disgorgement of such inequitably obtained monies.

## FIFTH CAUSE OF ACTION

### Violation of Business & Professions Code § 17200, *et seq*.

### (On Behalf of Plaintiff and the California Subclass)

62. Plaintiff and the Class re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

63. California Business & Professions Code § 17200 et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

64. Defendants' failure to disclose the Defect is likely to deceive a reasonable consumer and therefore constitutes a fraudulent or deceptive business practice.

65. Defendants' sale of the Product without disclosing the Defect, and/or Defendants' failure to adequately investigate, disclose, and remedy the Defect, offends established public policy and constitutes an unfair business practice. This injury is not outweighed by any countervailing benefits to consumers or competition.

66. Defendants' conduct is unlawful in that it violated numerous statutes, including Cal. Civ. Code §§ 1770(a); Cal. Civ. Code §§ 1709-1710; and Cal. Civ. Code §§ 1572-1573.

67. Defendants further violated Cal. Bus. & Prof. Code § 17200's prohibition against engaging in "unlawful" business acts or practices by, *inter alia*, failing to comply with California Civil Code § 1750, *et. seq.,* as well as correlative federal codes.

68. Plaintiff and Class members have suffered injury in fact and have lost money and/or property as a result of Defendants' fraudulent, unfair and/or unlawful business practices, in that as a result of Defendants' violations of the UCL, Plaintiffs and the class purchased the Products which they otherwise would not have purchased, or at a minimum, paid more for their units of the Product than they would have paid had Defendants not violated the UCL.

69. Plaintiffs and the Class reserve the right to allege other violations of law which constitute other unlawful business acts and practices.

70. Under California Business & Profession Code § 17203, Plaintiffs and the Class seek an order of this Court: for injunctive relief requiring Defendants to disclose the Defect on its website, in newspapers throughout the State of California, and. through a notice mails and/or emailed to all Class Members; and restitution of all monies paid to Defendants as a result of Defendants' violations of the UCL. Plaintiff reserves the right to seek additional preliminary or permanent injunctive relief.

71. Plaintiff and the Class are entitled to an order requiring Defendants to cease the acts of unfair competition alleged herein, full restitution of all monies paid to Defendants as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

## SIXTH CAUSE OF ACTION

### Violation of Cal. Civ. Code §§1750, *et seq*.

### (On Behalf of Plaintiff and the California Subclass)

72. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

73. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

74. The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

75. Each Defendant is a "person" under the CLRA. Cal. Civ. Code §1761 (c).

76. Plaintiff and the putative Class Members are "consumers" under the CLRA. Cal. Civ. Code §1761 (d).

77. The Product constitutes a "good" under the CLRA. Cal. Civ. Code §1761 (a).

78. Plaintiff and the putative Class Members' purchased units of the Product within the Class Period constitute "transactions" under the CLRA. Cal. Civ. Code §1761 (e).

79. Defendants' actions and conduct described herein reflect transactions that have resulted in the sale of goods to consumers.

80. Defendants' failure to label the Product in accordance with California labeling requirements constitute an unfair, deceptive, unlawful and unconscionable commercial practice.

81. Defendants' actions have violated at least seven provisions of the CLRA, including §§ 1770 (a)(2), 1770(a)(5), 1770(a)(7), 1770 (a)(9) and 1770(a)(16).

82. As a result of Defendants' violations, Plaintiff and the Class suffered, and continue to suffer, ascertainable losses in the form of the purchase price they paid for the unlawfully marketed Product, which they would not have paid had the Product been labeled correctly, or in

the form of the reduced value of the Product relative to the Product as advertised and the retail price they paid.

83. In accordance with Cal. Civ. Code § 1780(d), Plaintiff has attached a "venue affidavit" to this Complaint, showing that this action has been commenced in the proper county.

84. Pursuant to § 1782 of the CLRA on approximately December 17, 2024, Plaintiff notified Defendants in writing of the particular violations of § 1770 of the CLRA, and demanded Defendants rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and to give notice to all affected consumers of its intent to do so.

85. Defendant has failed to rectify or agree to rectify at least some of the violations associated with actions detailed above and give notice to all affected consumers within 30 days of receipt of the Cal. Civ. Code § 1782 notice. Thus, Plaintiff seeks actual damages and punitive damages for violation of the Act.

86. In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiff is entitled to, and therefore seeks, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770.

87. Plaintiff and Class Members are also entitled to recover attorneys' fees, costs, expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, pray for judgment and relief on all Causes of Action as follows:

A. This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiff as representative of the Class, and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

B. For an order declaring the Defendants' conduct violates the statutes referenced herein;

C. That the Court award compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

D. That the Court award Plaintiff and proposed Class members the costs of this action, including reasonable attorneys' fees and expenses;

E. For an order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

F. That the Court awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendants' ill-gotten gains, to ensure that Plaintiff and proposed class members have an effective remedy;

G. That the Court awards pre-judgment and post-judgment interest at the legal rate;

H. Imposition of a constructive trust to prevent unjust enrichment and to compel the restoration of property (money) to Plaintiff and the Class which Defendants acquired through fraud.

I. That the Court orders appropriate declaratory relief; and

J. That the Court grants such other and further as may be just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 14, 2025 **REESE LLP**

By: */s/ Michael R. Reese*
Michael R. Reese
Carlos F. Ramirez
100 West 93rd St., 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
*mreese@reesellp.com*
*cramirez@reesellp.com*

**DOGRA LAW GROUP PC**
Shalini Dogra
2219 Main St., Unit 239
Santa Monica, California 90405
Tel: (747) 234-6673
Fax: (310) 868-0170
*shalini@dogralawgroup.com*

*Attorneys for Plaintiff and the Proposed Classes*